IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                                        CRIMINAL ACTION NO.   3:99-00090

ETHAN JEROME MOORE

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Ethan Jerome Moore's pro se Motion Under 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 168. For the reasons herein, the Motion is **DENIED**.

### I. FACTUAL BACKGROUND

On June 21, 1999, a grand jury in the Southern District of West Virginia returned a superseding indictment against Defendant charging him with being a felon of a possession of a firearm on or about February 28, 1999. *See* Superseding Indictment at 4, ECF No. 172-7. The incident underlying the criminal offense occurred on the same day when Defendant broke into his estranged wife's home and initiated a violent encounter in which he stole a firearm and shot multiple victims. *See* Presentence Report ("PSR") at 6-7, ECF No. 172-1. The superseding indictment alleged that, at the time Defendant possessed the firearm, he had been convicted of three violent felonies or serious drug offenses, each punishable by a term of imprisonment exceeding one year. *See* Superseding Indictment. The alleged prior convictions were (1) a 1982 West Virginia second-degree murder conviction; (2) a 1990 conviction for possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1); and (3) a 1990 West Virginia

malicious wounding conviction. *Id*. Defendant pled guilty to this superseding indictment. ECF No. 39.

At sentencing, Defendant objected to the denial of acceptance of responsibility, the application of a two-level enhancement for obstruction of justice, and the recommendation that the underlying offenses regarding the four victims be characterized as "attempted murder" rather than "aggravated assault." Mem. of Sentencing Hr'g at 2, ECF No. 55. This Court denied Defendant's objection on acceptance of responsibility. *Id*. But it agreed that the obstruction enhancement did not apply. *Id*. Lastly, it found that attempted murder was an appropriate characterization of the underlying offenses. *Id*. at 2-3.

The Court calculated the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") range based on the following: a base level of 28,[1] a four-level enhancement for serious bodily injury, a three-level enhancement for assault on a law enforcement officer, and a two-level enhancement for physical restraint of a victim. *Id*. at 3-4. This resulted in a total offense level of 37. With a criminal history category of VI,[2] the Guidelines range was imprisonment for 360 months to life. U.S.S.G. Manual Ch. 5, pt. A (U.S. Sent'g Comm'n 1998). Neither side further objected to the Guidelines calculation. Mem. of Sentencing Hr'g at 5.

On November 23, 1999, the Court sentenced Defendant to a lifetime sentence of imprisonment. ECF No. 56. After sentencing, Defendant made several challenges to his original sentence and conviction. On direct appeal, he unsuccessfully challenged the U.S.S.G. calculations,

---

[1] Based on attempted murder under § 2A2.1. U.S.S.G. Manual § 2A2.1 (U.S. Sentencing Comm'n 1998).
[2] Defendant had twenty-one criminal history points at the time of sentencing, resulting in a criminal history category of VI. *See* PSR at 15-22. This is the same criminal history category as would be applied under U.S.S.G. § 4B1.4(c)(2). Thus, application of the Armed Career Criminal guideline resulted in no difference here.

arguing that the district court erred in applying the base offense level of attempted murder and in declining to grant him a reduction for acceptance of responsibility. *See United States v. Moore*, 230 F.3d 1355 (4th Cir. 2000) (table decision) (per curiam). The Fourth Circuit affirmed Defendant's conviction and sentence. *Id*. The United States Supreme Court denied a petition for writ of certiorari. *Moore v. United States*, 532 U.S. 953 (2001). Defendant also filed a § 2255 motion based on ineffective assistance of counsel, which the Fourth Circuit dismissed and denied. *United States v. Moore*, 90 F. App'x 55, at *1 (4th Cir. 2004) (per curiam).

In 2003, Defendant's successive § 2255 motion was dismissed for lack of pre-filing authorization. ECF No. 117. His 2009 § 2255 motion, attacking the district court's armed career criminal determination, was also dismissed for lack of pre-filing authorization. ECF Nos. 161, 162. Defendant challenged his conviction in a § 2241 petition, which was also denied. *See Moore v. Young*, 5:20-cv-00857 (S.D.W. Va. Dec. 18, 2020), ECF No. 1. On February 15, 2022, the Defendant filed the instant request for sentence reduction for extraordinary and compelling reasons, pursuant to 18 U.S.C. 3582(c)(1)(A)(i). ECF No. 168. The Government responded on March 9, 2022. ECF No. 172. The Motion is ripe and ready for resolution.

## II. LEGAL STANDARD

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. As part of the Act, Congress amended Section 3582 and enabled courts to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. However, before defendants may request such a reduction, defendants must ask the Bureau of Prisons ("BOP") to do so on their behalf. *See* 18 U.S.C. § 3582(c)(1)(A). If the BOP denies the defendant's request or does not respond within 30 days, the defendant may file a motion before the court. *Id*.

If an inmate satisfies this administrative exhaustion requirement, courts may reduce the inmate's sentence if there are (1) "extraordinary and compelling reasons," (2) the defendant is "no longer a danger to the safety of any other person or to the community," and (3) release is consistent with the factors identified under 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c); U.S.S.G § 1B1.13 (2018).

During the COVID-19 pandemic, courts have recognized that compassionate release is appropriate where an inmate has shown both a particularized susceptibility to the virus and a particularized risk that she will contract the virus at his facility. *See, e.g.*, *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020); *United States v. Eberbaugh*, No. CR 2:18-00222-02, 2020 WL 4804951, at *3 (S.D.W. Va. Aug. 18, 2020) (considering "the age of the prisoner, the severity and documented history of the defendant's health conditions, and the proliferation and status of infections in the prison facility" to determine if compassionate release is appropriate).

Additionally, when analyzing "extraordinary and compelling" reasons, "[t]he district court enjoy[s] broad discretion…." *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021). A court may reduce a defendant's sentence if the "court ... finds that ... extraordinary and compelling reasons warrant such a reduction" and that the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and if the § 3553(a) sentencing factors merit a reduction. *United States v. McCoy*, 981 F.3d 271, 275 (4th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). In *McCoy*, the Fourth Circuit clarified that district courts are not bound by the enumerated extraordinary and compelling reasons listed in Guidelines § 1B1.13 because the Guidelines have not been updated since the passage of the First Step Act. *Id.* at 283.

The Fourth Circuit determined that district courts may take a more individualized approach, and thus, "[d]istrict Courts are 'empowered ... to consider *any* extraordinary and compelling reason

for release that a defendant might raise.'" *Id.* at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)). "District courts may also conclude that the severity of a sentence, 'combined with the enormous disparity between that sentence and the sentence a defendant would receive today, can constitute an 'extraordinary and compelling' reason for relief under § 3582(c)(1)(A).'" *United States v. Vaughn*, No. 5:08-CR-00266, 2021 WL 136172, at *2 (S.D.W. Va. Jan. 13, 2021) (quoting *McCoy*, 981 F.3d at 285).

### III. ANALYSIS

As a preliminary matter, the Court notes that Defendant has exhausted his administrative remedies. The Warden at his facility denied his request for release on January 31, 2022. *See* Ex. A, ECF No. 168. Accordingly, the Court turns to the merits of the Defendant's Motion.

#### A. COVID-19

Defendant first cites his concerns over COVID and its spread at his facility as an extraordinary and compelling reason warranting release. *See* Def.'s Mot. at 7-10. However, Defendant only cites his age (near mid-sixties) and his previous COVID infection as risk factors. *Id.* at 8. Of course, the CDC has observed that "older adults" (those over sixty-five) are "at highest risk of getting very sick from COVID-19." *See People with Certain Medical Conditions,* CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Apr. 8, 2022). Aside from his age, however, his medical records do not show any of the enumerated medical conditions that would result in an elevated risk of COVID-19 complications. Further, his previous infection with COVID occurred in late 2020; he has since been vaccinated, which would likely affect his susceptibility to severe complications resulting from COVID. *See* Ex. D, ECF No. 172-4.

FCI Beckley is currently reporting zero positive inmates or staff, in a population of almost 1,600. *See* FCI Beckley, https://www.bop.gov/locations/institutions/bec/ (last visited Apr. 8, 2022); *COVID-19*, https://www.bop.gov/coronavirus/ (last visited Apr. 8, 2022). Nor has Defendant shown he has not received or cannot receive adequate medical care; in fact, his medical records indicate that he has received extensive treatment for his other conditions and illnesses. *See* Ex. F, ECF No. 172-6. Thus, Defendant does not meet either prong of the test for compassionate release based on COVID-19.

### B. Change in ACCA Career Offender Designation

Next, Defendant argues that, if sentenced today, he would not be subject to the Armed Career Criminal Act ("ACCA"). *See* Def.'s Mot. at 4-5. He argues that his 1990 conviction for possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) would no longer be considered a serious drug offense, because, if sentenced today, he would face lower penalties for the amount of cocaine base he possessed. *Id*. The Government argues that the offense would qualify as a serious drug offense today for the purposes of the ACCA. *See* Govt.'s Resp. at 19-20, ECF No. 172. Additionally, it argues that compassionate release is an inappropriate vehicle for Defendant to collaterally attack his sentence. *Id*. at 20-21. Because the Court agrees with the Government's first contention, it will not address the second.

The ACCA enhances the penalties for an offense under 18 U.S.C. § 922(g)(1), which criminalizes possessing a firearm or ammunition as a convicted felon. Typically, a § 922(g)(1) offense has no mandatory minimum and is punishable by a maximum of ten years. 18 U.S.C. § 924(a)(2). However, if a defendant is designated an "armed career criminal" when convicted of § 922(g)(1), he is subject to a minimum sentence of fifteen years and a maximum sentence of life in

prison. *Id.* § 924(e)(2). A defendant is designated an armed career criminal if he has three prior "violent felony" or "serious drug offense" convictions. *Id.* § 924(e)(1).

In assessing whether an offense constitutes a predicate for purposes of the ACCA or the career offender provision of the Guidelines, the court looks to the various definitions of qualifying offenses contained therein. The ACCA defines a "serious drug offense" as "an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46 for which a maximum term of imprisonment of ten years or more is prescribed by law." *See id*. at § 924(e)(2)(A)(i).

Defendant incorrectly argues that his conviction for possession with intent to distribute cocaine base is no longer an ACCA "serious drug offense." Def.'s Mot. at 4-6. Though the First Step Act changed the amount of cocaine base required to trigger a mandatory minimum sentence, cocaine base remains a schedule II controlled substance. Under 21 U.S.C. § 841(b)(1)(C), possession with intent to distribute any quantity of a schedule II substance carries a penalty of up to twenty years in prison. This is more than the maximum term of imprisonment of ten years required to qualify as a serious drug offense under the ACCA. Thus, if sentenced today, the prior drug offense would qualify as an offense subjecting Defendant to the ACCA and its corresponding sentencing enhancement.[3] Accordingly, Defendant cannot show a resulting disparity in sentence that rises to the level of extraordinary or compelling reasons.[4]

### IV. CONCLUSION

Defendant has raised no grounds constituting extraordinary or compelling reasons. For the foregoing reasons, the Court **DENIES** Defendant's Motion. ECF No. 168.

---

[3] Defendant does not contest his other prior offenses.
[4] Because there are no extraordinary and compelling reasons present, the Court will not analyze the § 3553(a) factors.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

        ENTER:      April 11, 2022

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE