## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                    CRIMINAL ACTION NO.  3:99-00090

ETHAN JEROME MOORE

### MEMORANDUM OPINION AND ORDER

Pending are Defendant Ethan Jerome Moore's *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 184, Motion to Appoint Counsel, ECF No. 185, and Amended Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 198. For the reasons that follow, the motions are **DENIED**.

Also pending are the Government's Motion to Seal Exhibit A to the United States Response to Defendant's Motion, ECF No. 191, and the Government's Motion to Seal the United States Surreply and Exhibits A, B, and C, ECF No. 201. For good cause shown, these motions are **GRANTED**.

### I.  Background[1]

On June 21, 1999, a grand jury in the Southern District of West Virginia returned a superseding indictment against Defendant charging him with being a felon in possession of a firearm on or about February 28, 1999. *See* Superseding Indictment at 4, ECF No. 172-7. The incident underlying the criminal offense occurred on the same day when Defendant broke into his estranged wife's home and initiated a violent encounter in which he stole a firearm and shot

---

[1] This factual summary is taken and amended from the Court's order on Mr. Moore's first motion for compassionate release.

multiple victims. *See* Presentence Report ("PSR") at 6–7, ECF No. 172-1. The superseding indictment alleged that, at the time Defendant possessed the firearm, he had been convicted of three violent felonies or serious drug offenses, each punishable by a term of imprisonment exceeding one year. *See* Superseding Indictment. The alleged prior convictions were (1) a 1982 West Virginia second-degree murder conviction; (2) a 1990 conviction for possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1); and (3) a 1990 West Virginia malicious wounding conviction. *Id*. Defendant pled guilty to this superseding indictment. ECF No. 39.

At sentencing, Defendant objected to the denial of acceptance of responsibility, the application of a two-level enhancement for obstruction of justice, and the recommendation that the underlying offenses regarding the four victims be characterized as "attempted murder" rather than "aggravated assault." Mem. of Sentencing Hr'g at 2, ECF No. 55. This Court denied Defendant's objection on acceptance of responsibility. *Id*. But it agreed that the obstruction enhancement did not apply. *Id*. Lastly, it found that attempted murder was an appropriate characterization of the underlying offenses. *Id*. at 2-3.

The Court calculated the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") range based on the following: a base level of 28,[2] a four-level enhancement for serious bodily injury, a three-level enhancement for assault on a law enforcement officer, and a two-level enhancement for physical restraint of a victim. *Id*. at 3–4. This resulted in a total

---

[2] Based on attempted murder under § 2A2.1. U.S.S.G. Manual § 2A2.1 (U.S. Sentencing Comm'n 1998).

offense level of 37. With a criminal history category of VI,[3] the Guidelines range was imprisonment for 360 months to life. U.S.S.G. Manual Ch. 5, pt. A (U.S. Sent'g Comm'n 1998). Neither side further objected to the Guidelines calculation. Mem. of Sentencing Hr'g at 5.

On November 23, 1999, the Court sentenced Defendant to a lifetime sentence of imprisonment. ECF No. 56. After sentencing, Defendant made several challenges to his original sentence and conviction. On direct appeal, he unsuccessfully challenged the U.S.S.G. calculations, arguing that the district court erred in applying the base offense level of attempted murder and in declining to grant him a reduction for acceptance of responsibility. *See United States v. Moore*, 230 F.3d 1355 (4th Cir. 2000) (table decision) (*per curiam*). The Fourth Circuit affirmed Defendant's conviction and sentence. *Id*. The United States Supreme Court denied a petition for writ of certiorari. *Moore v. United States*, 532 U.S. 953 (2001). Defendant also filed a § 2255 motion based on ineffective assistance of counsel, which the Fourth Circuit dismissed and denied. *United States v. Moore*, 90 F. App'x 55, at *1 (4th Cir. 2004) (*per curiam*).

In 2006, Defendant's successive § 2255 motion was dismissed for lack of pre-filing authorization. ECF No. 117. His 2009 § 2255 motion, attacking the district court's armed career criminal determination, was also dismissed for lack of pre-filing authorization. ECF Nos. 161, 162. Defendant challenged his conviction in a § 2241 petition, which was also denied. *See Moore v. Young*, 5:20-cv-00857 (S.D.W. Va. Dec. 18, 2020), ECF No. 1. On February 15, 2022, the Defendant filed his first request for sentence reduction for extraordinary and compelling reasons, pursuant to 18 U.S.C. 3582(c)(1)(A)(i). ECF No. 168. That motion was denied by the Court on April 11, 2022. ECF No. 175.

---

[3] Defendant had twenty-one criminal history points at the time of sentencing, resulting in a criminal history category of VI. *See* PSR at 15-22. This is the same criminal history category as would be applied under U.S.S.G. § 4B1.4(c)(2). Thus, application of the Armed Career Criminal guideline resulted in no difference here.

On April 8, 2024, Defendant filed the instant motions for compassionate release and for appointment of counsel. Def.'s Motion, ECF No. 184; ECF No. 185. He amended his motion on August 14, 2024. Def.'s Amend. Motion, ECF No. 198. In his amended motion for compassionate release, Defendant claims that extraordinary and compelling reasons exist, pursuant to 18 U.S.C. § 3582(c)(1)(A). He specifically argues that his deteriorating health, unusually long sentence, and rehabilitative efforts show extraordinary and compelling reasons for relief. Def.'s Amend. Motion, at 5.

## II.  Legal Standard

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. As part of the Act, Congress amended Section 3582 and enabled courts to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. However, before defendants may request such a reduction, defendants must ask the Bureau of Prisons ("BOP") to do so on their behalf. *See* 18 U.S.C. § 3582(c)(1)(A). If the BOP denies the defendant's request or does not respond within 30 days, the defendant may file a motion before the court. *Id*.

If a defendant satisfies this administrative exhaustion requirement, courts may reduce the sentence if there are (1) "extraordinary and compelling reasons," (2) the defendant is "not a danger to the safety of any other person or to the community," and (3) release is consistent with the factors identified under 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c); U.S.S.G § 1B1.13 (2023).

When analyzing "extraordinary and compelling" reasons, "[t]he district court enjoy[s] broad discretion." *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021). A court may

reduce a defendant's sentence if the "court . . . finds that . . . extraordinary and compelling reasons warrant such a reduction" and that the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and if the § 3553(a) sentencing factors merit a reduction. *United States v. McCoy*, 981 F.3d 271, 275 (4th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)).

### III. Analysis

Upon review of Mr. Moore's motion, the Court is not persuaded that extraordinary and compelling reasons exist to justify compassionate release or a reduction in his sentence.

A. Age of the Defendant

As part of his argument for relief, Mr. Moore cites to Sentencing Guideline 1B1.13(b)(2), which states an extraordinary and compelling reason exists if:

> "The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less."

U.S.S.G. § 1B1.13(b)(2). While Mr. Moore has met requirements (A) and (C), he has failed to establish requirement (B).

While Mr. Moore points to several ailments from which he suffers, he has not demonstrated that he is experiencing serious deterioration in his physical or mental health. He asserts he suffers from benign prostatic hyperplasia, hyperlipidemia, type 2 diabetes mellitus, glaucoma, erosive osteoarthritis, and hypertension. Def.'s Amend. Motion, at 6–7. Mr. Moore lists possible consequences of these diseases but does not provide evidence that he experiences these possible consequences. *Id.*; ECF No. 202, at 2.

The Court is not convinced by Mr. Moore's argument that listing his conditions is sufficient to show serious deterioration to Mr. Moore's health. *See* ECF No. 202, at 1–4. The

Court does not dispute that the listed conditions could lead to serious deterioration of one's health. However, Mr. Moore has not demonstrated that these conditions have led to serious deterioration of his health. Therefore, the Court finds Mr. Moore's age and health conditions do not currently provide extraordinary and compelling reasons for relief.

   B. <u>Unusually Long Sentence</u>

   Pursuant to the applicable policy statement issued by the Sentencing Commission, extraordinary and compelling circumstances may also exist if:

> "a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances."

U.S.S.G. § 1B1.13(b)(6).

   In his original motion, Mr. Moore argues that 1B1.13(b)(6) is applicable to his case because if he was sentenced today, he would no longer qualify as a career offender under the Armed Career Criminal Act and would not be serving a life sentence. *See* Def.'s Motion, at 2–5. In the amended motion, Mr. Moore contends that the Sentencing Guidelines becoming advisory after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), provides a reason for compassionate release. The Court will address both arguments.

   First, Mr. Moore did not receive a mandatory life sentence under the Armed Career Criminal Act. *See* PSR; Mem. of Sentencing Hr'g. In fact, Defendant's presentence report demonstrates that his career offender designation did not affect his guideline range. His criminal history score of 21 placed him in Criminal History Category VI irrespective of the enhancement.

6

PSR ¶ 90–92.[4] Similarly, his total offense level of 37 was unaffected by the Chapter 4 enhancement. *See* PSR ¶ 70; Mem. of Sentencing Hr'g at 4 (establishing final offense level). Instead, Mr. Moore's guideline range, and ultimately his sentence, were based on a U.S.S.G. § 2K2.1(c) cross-reference to the guidelines for assault with an attempt to commit murder. *See* PSR ¶¶ 37–69; Mem. of Sentencing Hr'g; Sentencing Hr'g Tr., ECF No. 172-2.

Mr. Moore also cites to *United States v. Booker*, in which the Supreme Court modified the Sentencing Reform Act of 1984 and made the Sentencing Guidelines advisory in nature. 543 U.S. 220, 245. However, the previously mandatory nature of the Sentencing Guidelines likely had no effect on Mr. Moore's sentence. When faced with a mandatory sentencing guideline of 360 to life imprisonment, the sentencing judge chose to exceed the minimum sentence and sentence Mr. Moore to life in prison.

Accordingly, the Court has been provided with no reason to believe that there is a gross disparity between the sentence Mr. Moore is currently serving and the one he would likely receive if sentenced today. *See* U.S.S.G. § 1B1.13(b)(6). Therefore, the Court finds the Defendant's motion fails to state extraordinary and compelling reasons that justify release under § 3582.

C. Rehabilitation of the Defendant

Mr. Moore also points to his efforts to rehabilitate himself, including the courses he has taken, the exemplary work he has performed, and the "soul searching" he has done. Def.'s Amend. Motion, at 3–5; ECF No. 198-1. The Court commends Mr. Moore for these efforts.

---

[4] Indeed, even without the addition of the two "recency points," allocated by the PSR under U.S.S.G. § 4A1.1(3), Defendant still would have been subjected to a 1-point enhancement for having 19 points and committing the instant offense while under a criminal justice sentence, resulting in a 20 total criminal history points (well surpassing the 13-point threshold for Criminal History Category VI). *See* Addendum to the PSR, ECF No. 186.

However, the Court finds this argument insufficient, as the applicable policy statement instructs rehabilitation "is not, by itself, an extraordinary and compelling reason" for compassionate release. U.S.S.G. § 1B1.13(e).

### IV. Conclusion

For the foregoing reasons, Defendant Ethan Jerome Moore's *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 184, and the Amended Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 198, are **DENIED**.

Defendant's Motion to Appoint Counsel, ECF No. 185, is **DENIED AS MOOT**.

The Government's Motions to Seal Exhibit A to the United States Response to Defendant's Motion, ECF No. 191, and to Seal the United States Surreply and Exhibits A, B, and C, ECF No. 201, are **GRANTED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:    December 13, 2024

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE